Read, J.,
dissenting. If a person contract to build a boat, and deliver it to another at a specified time for an agreed price, the builder has a lien upon such boat under the statute. The person for whom the boat is built, although not absolute owner until delivery, is yet the owner within the meaning of the statute, from the moment the boat is commenced being built, for the purposes of the lien. Any other construction would completely defeat the statute in its most material part. I do not understand that the two judges who have made this decision at the present time, deny the correctness of this construction. With this construction the *236 statute is preserved, and the lien of builders secured. But I understand that the judges wish now to take the distinction, *that if a person build a boat upon his own account for the purpose of sale, and then sell it, no lien attaches, as against the vendee, in favor of the vendor or builder. To this view of the statute, there is perhaps no objection. But I understand that the contract under which it is claimed in this instance that the lien of the builder attaches, was in substance this, that Treat should build the canal-boats, and deliver the same to Standart, Griffith & Co. for SI,075 each. The boats were then built in pursuance and in completion of the contract; and this brings the case within the first proposition, and gives the builder his lien. I do not understand it to be the case by the owner of a boat-yard, building boats upon his own account for the market. But the two judges who acted upon this case, when up for consideration heretofore, acted upon wholly different reasons from those now stated by the judges ; although I do not know whether these reasons prominently appear in the opinion of the court.
The instructions of the Supreme Court given to the jury on the trial in the county, which was held to be erroneous heretofore by the judges in bank, were as follows : “ If .they found from the evidence that the plaintiff, Treat, built the boat by contract, for Stand-art, Griffith & Co., at a specified price, and delivered her under the contract, a liability attached to the boat in favor of said plaintiff, under the act of February 26, 1840, entitled an act for the collection of claims against steamboats and other water-crafts, and authorizing proceedings against the same by name, and the plaintiff was entitled to recover in this suit.”
The whole reasoning of the court in this case was, that the above charge involved the absurdity that Treat, being both owner and builder, it permitted him to contract with himself, and sue himself, and therefore was erroneous. The court say in that opinion : “ Treat had contracted to build her, and deliver her at a particular time. Before the delivery she was undoubtedly his property. Ho was the owner, and had the absolute control of her.” Again, ‘'Treat could not contract with himself, to furnish himself *materials for his own boat, any more than he could sue himself for breaking such contract. Both ideas are absurd, and not one more so than another.” The whole reasoning here is predicated upon the assumption that, on a contract to build a boat *237 and deliver it at a specified time, for an agreed price, that up to the point of delivery, the builder was the owner, and therefore could not contract with himself for labor and materials, and hence that no lien could attach upon the boat in his favor. If that ground be now abandoned, and it be admitted that where a person contracts for the building of a boat for an agreed price, to be delivered at a specified time, a lien attaches, the two judges, in deciding at the present term, have most certainly erred; for it is not disputed but that the contract under which the boat was built, is of that sort, and if it be disputed, let the contract speak for itself; and upon that construction of the contract, the court charged upon the circuit; and the charge was not questioned upon the facts—for they were for the jury—but upon the inference of law. So that if the judges abandon the position taken in the decision of the judges heretofore pronounced, they have now most certainly erred in the conclusion formed; for the judgment now is the same as then, and the facts before the court the same : that the boat was built for Stan dart, Griffith & Co., time of delivery and price specified. If the construction heretofore given be adhered to, the statute, in its substantial part, is a dead letter, and its main object totally defeated. If that construction be abandoned, then the conclusion of law and judgment of court in this instance, are directly against the fact which the court admit should give a lien under the statute. To admit the facts and deny the law which applies to such a state of facts, is only an obscurity of reasoning which unintentionally works a wrong in an individual case, but does not work the general mischief of overthrowing a salutary statute.
But if it be contended that no lien attaches in case of building a boat on a contract, because, up to the time of *delivery, the builder is the owner, it may be replied with equal force that no lien attaches to a part of a boat. The statute says that the lien shall attach to the boat; and hence the lien would only attach after the boat was complete, and begin to operate eo instanti that it was delivered to the owner. But it is said that this construction would bo monstrous, as it would defeat the liens of all persons who had labored upon the boat and furnished materials during her construction. Equally so, I contend, would it be monstrous to deprive all the builders of boats of their statutory protection and remedy, because the boat was built upon contract. It is known from the very nature of ship and boat-building, from *238 the number of hands, amount of material and machinery required, that ship and boat-yards exist for that purpase, and that master-builders own these yards, and that, almost universally, boats are built upon contract. The act had reference to the nature of the business; and the person contracting for a boat is, in universal acceptation, regarded as the owner; and for the purpo.se of security to the builder, the statute regards the person for whom the boat is built as the owner. Any other construction, it seems to me, is unreasonable, in reference to the nature of the business itself, and mainly defeats the object and intent of the statute.